UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE CHANG

MAGISTRATE JUDGE COX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **15 CR 513** |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 1028A and 1347 |
| VLADIMIR GORDIN, Jr. | ) | |
| VLADIMIR GORDIN, Sr., | ) | FILED |
| ALEXSANDER GORDIN, | ) | |
| ALINA LEVIT, a/k/a "Alona," | ) | AUG 2 0 2015 |
| a/k/a "Aloyna," and | ) | |
| MICHELLE KOBRAN | ) | THOMAS G. BRUTON |
| | | CLERK, U.S. DISTRICT COURT |

## INDICTMENT

## COUNTS ONE THROUGH EIGHTEEN

The SPECIAL FEBRUARY 2014 GRAND JURY charges:

1. At times material to this Indictment:

a. Gordin Medical Center, S.C., located at 350 E. Dundee Road, Suite 300, Wheeling, IL 60090, purported to provide health-care services to patients, including chiropractic and physical therapy services.

b. Defendant VLADIMIR GORDIN, Jr., was a licensed chiropractor in the State of Illinois and was the President at Gordin Medical Center, S.C.

c. Defendant VLADIMIR GORDIN, Sr., was the General Manager and Vice President of Gordin Medical Center, S.C.

d. Defendant ALEXSANDER GORDIN worked as a manager at Gordin Medical Center, S.C.

1

e.     Defendants VLADIMIR GORDIN, Sr., and VLADIMIR GORDIN, Jr., were the only signatories on and controlled a bank account in the name of Gordin Medical Center, S.C.

f.     Defendants VLADIMIR GORDIN, Sr., VLADIMIR GORDIN, Jr., and ALEXSANDER GORDIN were the only signatories on and controlled a bank account in the name of GMC Medical Management, Inc.

g.     Defendant VLADIMIR GORDIN, Sr., was the sole signatory on and controlled a bank account in the name of Real Time Trading, Inc.

h.     Defendant ALINA LEVIT, a/k/a "Alona," a/k/a "Aloyna," was the office manager at Gordin Medical Center, S.C.

i.     Chiropractor A and Chiropractor B were licensed chiropractors in the State of Illinois and worked at Gordin Medical Center, S.C.

j.     Physician A was a licensed physician in the State of Illinois and worked at Gordin Medical Center, S.C.

k.     Ultrasound Mobile Service, Ltd., located in Vernon Hills, Illinois, provided ultrasound services to patients referred by physicians and chiropractors at their offices, and purported to provide services to patients of Gordin Medical Center, S.C.

l.     Defendant MICHELLE KOBRAN owned and operated Ultrasound Mobile Service, Ltd.

2

m.    Defendant MICHELLE KOBRAN was the only signatory on and controlled a bank account in the name of Ultrasound Mobile Service.

n.    Blue Cross Blue Shield of Illinois, Aetna Health Insurance, Humana, Cigna, and United Healthcare, and others, were insurance companies that provided coverage for patients that purportedly sought treatment at Gordin Medical Center, S.C., and from Ultrasound Mobile Service, Ltd.   These insurance companies offered and administered health care benefit programs within the meaning of Title 18, United States Code, Section 24(b).

o.    Defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., ALEXSANDER GORDIN, and MICHELLE KOBRAN, as well as Gordin Medical Center, S.C., and Ultrasound Mobile Service, Ltd., were required to submit certain claim information to insurance companies for reimbursement for covered services provided to patients.   Required claim information included the claimant's name; his/her insurance number; his/her date of birth; the health-care services provided; the location where the health-care services were provided; the name and National Provider Identifier of the doctor, chiropractor, or technician providing the health-care services; and the charge for each health-care service provided.

p.    The insurance companies paid for services that were covered by a patient's insurance policy and for which a representation had been made that the services were actually provided to patients and medically necessary.   The insurance companies offered deductible programs, whereby a patient paid for health-care

3

services up to a certain dollar amount, after which the patient's health insurance paid for covered services.

q. After a patient's deductible was satisfied, the insurance companies paid approved claims for covered services either by check sent by United States mail or by electronic direct deposit.

2. Beginning no later than 2006, and continuing through approximately November 2012, at Wheeling and Vernon Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

VLADIMIR GORDIN, Jr.,
VLADIMIR GORDIN, Sr.,
ALEXSANDER GORDIN,
ALINA LEVIT, a/k/a "Alona," a/k/a "Aloyna," and
MICHELLE KOBRAN,

defendants herein, together with Co-Schemers Chiropractor A, Chiropractor B, D.U., E.E., E.R., I.G., M.S., V.P., and S.K., and others, participated in a scheme to defraud a health care benefit program, namely Blue Cross Blue Shield of Illinois, Aetna Health Insurance, Humana, Cigna, and United Healthcare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits and services, which scheme is further described in the following paragraphs.

3. It was part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., ALEXSANDER GORDIN, ALINA LEVIT, and

MICHELLE KOBRAN, together with Co-Schemers Chiropractor A, Chiropractor B, D.U., E.E., E.R., I.G., M.S., V.P., and S.K., and others, fraudulently submitted, and caused to be submitted, at least approximately $28,775,000 in fraudulent claims to insurance companies that falsely represented that certain health-care services were provided to patients and medically necessary, knowing that those services were not actually provided or medically necessary.

4.     It was further part of the scheme that Co-Schemers D.U., E.E., E.R., I.G., M.S., V.P., S.K., and others, were purported patients of defendant VLADIMIR GORDIN, Jr., Co-Schemers Chiropractor A and Chiropractor B, Physician A, and others, and allowed their identifying information, including their insurance information, to be used by defendants VLADIMIR GORDIN, Sr., VLADIMIR GORDIN, Jr., ALEXSANDER GORDIN, and ALINA LEVIT in order to submit claims to insurance companies for health-care services that were not actually provided.

5.     It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., ALEXSANDER GORDIN, and ALINA LEVIT, along with Co-Schemers Chiropractor A, Chiropractor B, D.U., E.E., E.R., I.G., M.S., V.P., S.K., and others, created, and caused the creation of, false medical records at Gordin Medical Center, S.C., to substantiate the fraudulent claims submitted by Gordin Medical Center, S.C. to insurance companies.

6. It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALINA LEVIT, along with Co-Schemers D.U., E.E., E.R., I.G., M.S., V.P., S.K., and others, created, and caused the creation of, "sign-in" sheets that falsely represented that purported patients were physically present and received health-care services at Gordin Medical Center, S.C. on certain dates when, in fact, defendants knew that the services had not been provided to patients on the dates indicated on the "sign-in" sheets.

7. It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALEXSANDER GORDIN, along with Co-Schemers Chiropractor A and Chiropractor B, and others, utilized computer software to create, and cause the creation of, false medical records at Gordin Medical Center, S.C., to substantiate the fraudulent claims submitted by Gordin Medical Center, S.C. to insurance companies.

8. It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALEXSANDER GORDIN at times used the names and other identifying information of certain individuals, including patients and Physician A, without their knowledge or authorization to create, and cause the creation of, fraudulent claims submitted by Gordin Medical Center, S.C. to insurance companies.

9. It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALEXSANDER GORDIN created, and

caused the creation of, claims forms and medical records submitted to insurance companies that falsely represented that patients received health-care services on certain dates when, in fact, they knew that the claims forms and records were false and did not accurately represent the health-care services, if any, that had been provided to patients.

10. It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALEXSANDER GORDIN typically deposited, and caused to be deposited, the money they received from the insurance companies for services that were not actually provided into a bank account in the name of Gordin Medical Center, S.C.

11. It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALINA LEVIT compensated Co-Schemers D.U., E.E., E.R., I.G., M.S., V.P., S.K., and others—the purported patients—for their participation in submitting claims to insurance companies for services that were not rendered. When defendants GORDIN, Jr., GORDIN, Sr., and LEVIT compensated the purported patients, they typically did so by arranging to have the purported patients' yearly insurance deductibles satisfied without the purported patients paying any money out of pocket, and at times paying the purported patients a portion of the money paid by the insurance companies to Gordin Medical Center, S.C. for services that were not rendered. When the purported patients were paid, they typically received checks drawn on bank accounts

controlled by GORDIN, Jr., GORDIN, Sr., and ALEXSANDER GORDIN in the names of Gordin Medical Center, S.C., GMC Medical Management, Inc., and Real Time Trading, Inc.

12.    It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and MICHELLE KOBRAN referred, and caused to be referred, patients of Gordin Medical Center, S.C., for ultrasounds and ultrasound-related services to Ultrasound Mobile Service, Ltd., when, in fact, they knew that the prescribed ultrasounds and ultrasound-related services for these patients were not medically necessary.

13.    It was further part of the scheme that defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and MICHELLE KOBRAN, and others, submitted, and caused to be submitted, to insurance companies claims from Ultrasound Mobile Service, Ltd. that falsely represented that certain ultrasound and ultrasound-related services were medically necessary and performed on a certain date, knowing that those services were not medically necessary and, often, performed in one day but billed on different days to avoid raising insurance companies' suspicions.

14.    It was further part of the scheme that defendant MICHELLE KOBRAN typically deposited, and caused to be deposited, the money Ultrasound Mobile Service, Ltd. received from the insurance companies for services that were not medically necessary relating to the patients referred by defendants VLADIMIR

8

GORDIN, Jr., and VLADIMIR GORDIN, Sr., into a bank account KOBRAN controlled in the name of Ultrasound Mobile Service.

15.     It was further part of the scheme that, in exchange for submitting, and causing the submission of, false claims on behalf of Ultrasound Mobile Service, Ltd., relating to patients referred by defendants VLADIMIR GORDIN, Jr., and VLADIMIR GORDIN, Sr., defendant MICHELLE KOBRAN paid a portion of the money Ultrasound Mobile Service, Ltd. collected on those claims to VLADIMIR GORDIN, Jr., and VLADIMIR GORDIN, Sr.

16.     It was further part of the scheme that defendants VLADIMIR GORDIN, Sr., VLADIMIR GORDIN, Jr., ALEXSANDER GORDIN, ALINA LEVIT, and MICHELLE KOBRAN, together with Co-Schemers Chiropractor A, Chiropractor B, D.U., E.E., E.R., I.G., M.S., V.P., S.K., and others, concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

17.     As a result of this scheme, VLADIMIR GORDIN, Sr., VLADIMIR GORDIN, Jr., ALEXSANDER GORDIN, ALINA LEVIT, and MICHELLE KOBRAN, along with Co-Schemers Chiropractor A, Chiropractor B, D.U., E.E., E.R., I.G., M.S., V.P., S.K., and others, fraudulently obtained, or caused Gordin Medical Center, S.C. and Ultrasound Mobile Service, Ltd. to obtain, and converted to their own use in

excess of at least approximately $10,847,000 in payments from the insurance companies.

18.     On or about the dates set forth below, at Wheeling and Vernon Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

VLADIMIR GORDIN, Jr.,
VLADIMIR GORDIN, Sr.,
ALEXSANDER GORDIN,
ALINA LEVIT, a/k/a "Alona.", a/k/a "Aloyna," and
MICHELLE KOBRAN,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted claims to health care benefit programs, namely, Blue Cross Blue Shield of Illinois, Aetna Health Insurance, Humana, Cigna, and United Healthcare, for health-care services that were not actually provided or medically necessary:

| COUNT | DEFENDANTS | CLAIM DATE OF SERVICE | CLAIMANT | BENEFIT PROGRAM | PATIENT |
|---|---|---|---|---|---|
| One | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 8/6/2011 | GMC | Cigna | D.U. |
| Two | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 3/9/2012 | GMC | BCBSIL | J.M. |
| Three | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 1/9/2012 | GMC | BCBSIL | E.R. |

10

| Four | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 2/15/2012 | GMC | BCBSIL | E.R. |
|------|------|------|------|------|------|
| Five | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 3/24/2012 | GMC | BCBSIL | A.S. |
| Six | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 4/13/2012 | GMC | BCBSIL | A.S. |
| Seven | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 7/29/2011 | GMC | BCBSIL | M. Mar. |
| Eight | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 3/15/2011 | GMC | BCBSIL | G.D. |
| Nine | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 4/12/2012 | GMC | UHC | S.K. |
| Ten | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 2/27/2012 | GMC | BCBSIL | I.P. |
| Eleven | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 2/27/2012 | GMC | BCBSIL | V.P. |

11

| Twelve | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 3/24/2012 | GMC | BCBSIL | M. Man. |
|---|---|---|---|---|---|
| Thirteen | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 10/15/2010 | GMC | UHC | I.G. |
| Fourteen | GORDIN, Jr., GORDIN, Sr., A. GORDIN, LEVIT | 1/28/2012 | GMC | UHC | I.G. |
| Fifteen | GORDIN, Jr., GORDIN, Sr., KOBRAN | 7/12/2011 | UMS | BCBSIL | M. Man. |
| Sixteen | GORDIN, Jr., GORDIN, Sr., KOBRAN | 10/31/2011 | UMS | Cigna | D.U. |
| Seventeen | GORDIN, Jr., GORDIN, Sr., KOBRAN | 6/30/2011 | UMS | UHC | E.E. |
| Eighteen | GORDIN, Jr., GORDIN, Sr., KOBRAN | 9/17/2010 | UMS | BCBSIL | J.M. |

In violation of Title 18, United States Code, Section 1347.

## COUNT NINETEEN

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

On or about July 29, 2011, at Wheeling, in the Northern District of Illinois, Eastern Division, and elsewhere,

VLADIMIR GORDIN, Jr., and
VLADIMIR GORDIN, Sr.,

defendants herein, did knowingly use without lawful authority a means of identification of another person, namely, the name and National Provider Identifier for Physician A, during and in relation to a felony, namely a violation of Title 18, United States Code, Section 1347, as alleged in Count Seven of the indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

13

## COUNT TWENTY

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

On or about March 24, 2012, at Wheeling, in the Northern District of Illinois, Eastern Division, and elsewhere,

VLADIMIR GORDIN, Jr., and
VLADIMIR GORDIN, Sr.,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the name and National Provider Identifier for Physician A, during and in relation to a felony, namely a violation of Title 18, United States Code, Section 1347, as alleged in Count Twelve of the indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY-ONE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

On or about January 28, 2012, at Wheeling, in the Northern District of Illinois, Eastern Division, and elsewhere,

VLADIMIR GORDIN, Jr., and
VLADIMIR GORDIN, Sr.,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the name and National Provider Identifier for Physician A, during and in relation to a felony, namely a violation of Title 18, United States Code, Section 1347, as alleged in Count Fourteen of the indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations of Counts One through Eighteen of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.     As a result of the violations of Title 18, United States Code, Section 1347, which relate to health care benefit programs, as alleged in the indictment,

VLADIMIR GORDIN, Jr.,<br>
VLADIMIR GORDIN, Sr., and<br>
ALEXSANDER GORDIN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest he may have in any property, real and personal, constituting and derived, directly and indirectly, from gross proceeds traceable to the commission of the offenses.

3.     The interests of defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALEXSANDER GORDIN subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7), include but are not limited to funds in the amount of $10,847,000.

4.     If any of the forfeitable property described above, as a result of any act or omission by the defendants VLADIMIR GORDIN, Jr., VLADIMIR GORDIN, Sr., and ALEXSANDER GORDIN:

a.     Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

17